IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEORGE A. JACKSON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 01-559-JJF |
| : | |
| KEITH IVENS, M.D., Chief : | |
| Physician of Prison Health : | |
| Service, Inc., PRISON HEALTH : | |
| SERVICES, INC., STANLEY TAYLOR,: | |
| former Commissioner of : | |
| Correction for the Delaware : | |
| Department of Correction, : | |
| STATE OF DELAWARE, RICHARD : | |
| KEARNEY, Chief of Prisons for : | |
| Delaware and former warden of : | |
| Sussex Correctional Institute, : | |
| DELAWARE DEPARTMENT OF : | |
| CORRECTIONS, : | |
| : | |
| Defendants. : | |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff George Jackson's Motion For Leave To Supplement The Summary Judgment Record. (D.I. 189.) This Motion is opposed by Defendants Stanley Taylor, Richard Kearney, the State of Delaware, and the Delaware Department of Corrections (collectively "the State Defendants" or "Defendants"). (D.I. 194.)

The instant action has been active for nearly a decade, and was initially brought by Plaintiff Jackson's complaint that he, as a prisoner, was deliberately denied healthcare for his ailment that was ultimately diagnosed as sarcoidosis. Following a long procedural history, Defendants filed a Motion For Summary

Judgment (D.I. 163) on June 19, 2009. Briefing on the Motion For Summary Judgment was completed on August 19, 2009. On April 5, 2010, Jackson filed the instant Motion To Supplement The Summary Judgment Record. (D.I. 189.)

Through the instant Motion, Jackson requests that the Court permit him to supplement the evidence before the Court concerning Summary Judgment with additional medical records and affidavits. (Id.) The evidence supplied by Jackson to supplement the record includes multiple medical records dated from 2008 to 2010 (D.I. 190), a Declaration of Mr. Jackson, and an affidavit of one of Jackson's attorneys, Rebecca Lacher. (D.I. 189.) Plaintiff argues that the supplemental evidence shows progression of his sarcoidosis that has not been treated and particularly the fact that a chest x-ray showed that Jackson has calcified granulomas on his lungs. (D.I. 197.)

Defendants oppose the instant Motion and argue that the materials provided by Jackson do not provide any new information nor do they shine any new light on the litigation. (D.I. 194.) Furthermore, Defendants contend that Summary Judgment remains appropriate because the submitted medical records only go to show that Jackson has continually received prompt and proper medical care in response to all of his complaints. (Id.)

In his Reply, Jackson argues that Defendants failed to provide any reason not to allow supplementation. (D.I. 197.)

2

The Reply also contends that Defendants improperly included the report of a previously undisclosed expert, Dr. Jamie Rivera and that Plaintiff should be able to depose Dr. Rivera.  (Id.)

The Court concludes that Plaintiff's Motion to Supplement will be denied because the proposed supplementary information does not provide any new evidence or create any new questions of material fact that impact ruling on the pending Motion for Summary Judgment.  See Edwards v. Pa. Tpk. Comm'n, 80 Fed. Appx. 261, 265 (3d Cir. 2003).  The medical records Jackson produced to supplement the record do not provide any new evidence that indicates any negligence or indifference.  (See D.I. 190.) Overall, the medical records show that while Plaintiff is suffering from what appear to be chronic health issues, he is treated regularly by medical personnel whenever he files a request for medical attention.  (Id.)  He is typically seen with in several days of requesting treatment and has been examined by multiple medical personnel.  There is no evidence in the supplemental materials that any appropriate medical course of action was withheld or that any treatment provided was improper. Although the granulomas in Mr. Jackson's lungs may be concerning medically, they were discovered and documented by the prison medical staff.  (D.I. 190 at D000666.)  The doctor who noted the granulomas on the x-ray also noted that they were consistent with sarcoidosis.  (Id.)  The fact that Plaintiff continues to suffer from a disease with no known cure does not create evidence of

3

improper behavior, particularly in light of Plaintiff's ongoing medical care depicted in the same medical records.[1]  Thus, the proposed supplemental medical records do not provide any value in the Court's analysis of the pending Motion for Summary Judgment and need not be permitted.

Additionally, the declaration and affidavit provided by Plaintiff are not informative.  The Supplemental Rule 56(f) Affidavit Of Rebecca Lacher is focused on seeking additional discovery (D.I. 189), which has all ready been argued in the pending Motion to Extend Discovery.  (D.I. 170.)  Mr. Jackson's Declaration states that he continues to suffer from his ailments and that he has not received the treatment he seeks.  (D.I. 189.) This does not provide any new information.  Mr. Jackson's contention that he sought and did not receive specific tests on January 24, 2010, is contrasted by the Grievance Report that he filed which does not show any request for a specific test, only to be seen by a neurologist.  (See D.I. 189 and D.I. 196.)  While it is certainly unfortunate that Mr. Jackson has continued to suffer from chronic ailments, continued documentation of their existence and subsequent treatment does not provide any new evidence that is relevant to Summary Judgment.

Consequently, none of the proposed supplemental materials

---

[1] In light of Plaintiff's concerns over the timeliness of the expert report offered by Dr. Rivera the Court did not consider his report in evaluating the Motion.

4

will assist the Court in evaluating the pending Motion for Summary Judgment nor do they raise any questions of material fact.  Thus, the instant Motion to Supplement will be denied.

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff George Jackson's Motion For Leave To Supplement The Summary Judgment Record (D.I. 189) is **DENIED**.

July 13, 2010
DATE

_____
UNITED STATES DISTRICT JUDGE