IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GEORGE A. JACKSON,                      :
                                        :
            Plaintiff,                  :
                                        :
      v.                                : Civil Action No. 01-559-JJF
                                        :
STANLEY TAYLOR, former                  :
Commissioner of Correction for :
the Delaware Department of     :
Correction, STATE OF DELAWARE, :
RICHARD KEARNEY, Chief of      :
Prisons for Delaware and former:
warden of Sussex Correctional  :
Institute, DELAWARE DEPARTMENT :
OF CORRECTIONS,                         :
                                        :
            Defendants.                 :

Stephen A. Fogdall, Esquire and Sean P. Whalen, Esquire of
SCHNADER HARRISON SEGAL & LEWIS LLP, Philadelphia, Pennsylvania.

Michael J. Barrie, Esquire of SCHNADER HARRISON SEGAL & LEWIS
LLP, Wilmington, Delaware.

Attorneys for Plaintiff.

Stuart B. Drowos, Esquire, Deputy Attorney General, of the
DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware.

Attorney for Defendants Stanley Taylor, Richard Kearney, The
State of Delaware, Delaware Department of Corrections.

## MEMORANDUM OPINION

July $\lambda$7, 2010
Wilmington, Delaware.

Farnan, District Judge.

Pending before the Court are three Motions: a Motion For
Leave To File An Eighth Amended Complaint (D.I. 123) and a Motion
To Extend Discovery Pursuant to Rule 56(f) (D.I. 170) filed by
Plaintiff, George A. Jackson, and a Motion For Summary Judgment
(D.I. 163) filed by Defendants Stanley Taylor, Richard Kearney,
the State of Delaware, and the Delaware Department of Corrections
(collectively "Defendants"). For the reasons discussed, the
Court will grant will grant Plaintiff's Motion For Leave To File
An Eighth Amended Complaint and deny Plaintiff's Motion To Extend
Discovery. In addition, the Court will grant Defendants' Motion
For Summary Judgment as it pertains to the State of Delaware, the
Delaware Department of Corrections ("DOC"), and Defendants
Taylor, Kearney and Danberg[1] in their official capacities to the
extent Plaintiff seeks monetary damages and deny the Motion in
all other respects.[2]

---

[1]      Pursuant to Fed. R. Civ. P. 25(d), Carl C. Danberg is
automatically substituted for Stanley W. Taylor to the extent he
is sued in his official capacity; however, it appears to the
Court that Plaintiff also wishes to maintain this action against
Taylor in his individual capacity and seeks to add Danberg as a
Defendant in his individual capacity, as well through his Motion
To Amend. Accordingly, the Court will consider the pending
Motions as they relate to all three Defendants.

[2]      The Court acknowledges that Plaintiff's Eighth Amended
Complaint does not name the State of Delaware and the DOC as
Defendants; however, the Court addresses them in the context of
the summary judgment motion for completeness, since they were
named Defendants at the time the Motion was brought.

1

## BACKGROUND

### I. Procedural Background

Plaintiff, an inmate at Sussex Correctional Institution ("SCI") in Georgetown Delaware, filed this action pro se pursuant 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights. (D.I. 2.) Plaintiff filed six pro se amended and/or supplemental complaints. (See D.I. 9, 13, 20, 22, 51, 69, and 80.) Although Plaintiff sought the dismissal of Defendant Taylor and Defendant Kearney through one of his amended complaints, he ultimately withdrew that request. (D.I. 54.) Despite his request to withdraw, the Honorable Kent A. Jordan dismissed Defendant Taylor, Defendant Kearney, and pursuant to Rule 25(d), Defendant Carl Danberg. (D.I. 73.) In addition, Judge Jordan granted summary judgment in favor of the remaining defendants. (D.I. 101 and 102.)

Plaintiff appealed and was appointed counsel. On appeal, the Third Circuit reversed the Court's decision, vacated the dismissal of Defendant Taylor, Defendant Kearney and Defendant Danberg, and remanded the matter for additional proceedings. (D.I. 113.)

On remand, Plaintiff is represented by counsel and has filed the instant Motion For Leave To File An Eighth Amended Complaint, which is Plaintiff's first attempt through counsel, to file an amended pleading. Defendants oppose Plaintiff's request and

filed the instant Motion For Summary Judgment. In addition,
Plaintiff seeks leave to extend the discovery period in this case
pursuant to Fed. R. Civ. P. 56(f).

## II. Factual Background

In June 1998, Plaintiff fell in SCI's kitchen.[3] In July
1999, Plaintiff sought medical assistance for swollen lymph nodes
in his neck and was diagnosed with an ear infection. Over the
next few months, Plaintiff continued to seek medical care because
his glands remained swollen.

On November 18, 1999, Plaintiff met with Dr. Keith Ivens.
Dr. Ivens presented Plaintiff with the option of having a biopsy
or continuing to monitor his swollen glands. Plaintiff elected
to have a biopsy. The biopsy was scheduled for December 16,
1999; however, it was not performed until August 16, 2000.
Between the time when the biopsy was first scheduled and when it
was actually performed, Plaintiff filed multiple grievances
requesting particular medical procedures and consultations.

Ultimately, the biopsy revealed that Plaintiff has
sarcoidosis. "'Sarcoidosis is a disease of unknown origin marked
by formation of granulomatous lesions that appear especially in
the liver, lungs, skin, and lymph notes. A granuloma, in turn,

---

[3] Plaintiff's medical records have been compiled and
produced by both parties. Plaintiff produced them in a two
volume sealed appendix (D.I. 172 and 173), while Defendants
produced them as Exhibit A of D.I. 164. (D.I. 165.) Both
Plaintiff and Defendants have presented a similar time-line of
events.

3

is a chronic inflammatory lesion characterized by large numbers

of cells of various types (macrophages, lymphocytes, fibroblasts,

giant cells), some degrading and some repairing the tissues.'"

Jackson v. Ivens, 244 Fed. Appx. 508, 511 (3d Cir. 2007)(quoting

Kosiba v. Merck & Co., 384 F.3d 58, 61 n.3 (3d Cir. 2004)).

Plaintiff maintains that despite this diagnosis, he continues to

receive inadequate care for his medical condition.

## DISCUSSION

## I.    Plaintiff's Motion For Leave To File An Eighth Amended
        Complaint

A.    Legal Standard

"After amending once or after an answer has been filed, the

plaintiff may amend only with leave of the court or the written

consent of the opposing party." Shane v. Fauver, 213 F.3d 113,

115 (3d Cir. 2000) (citing Fed. R. Civ. P. 15(a)). The decision

to grant leave to amend lies within the discretion of the court,

Foman v. Davis, 371 U.S. 178, 182 (1962); however, leave to amend

should be freely given when justice requires. Fed. R. Civ. P.

15(a)(2). The Third Circuit has adopted a liberal policy

favoring the amendment of pleadings to ensure that claims are

decided on the merits rather than on technicalities. Dole v.

Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990). Thus, leave to

amend should ordinarily be permitted absent a showing of undue

delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by previously allowed

amendments, undue prejudice to the opposing party, or futility of the amendment.  Foman, 371 U.S. at 182.

B.   Whether Plaintiff Should Be Given Leave To Amend

By his Motion, Plaintiff seeks leave to file an Eighth Amended Complaint to consolidate and amplify his previous allegations and to add parties so that he may obtain full relief. Specifically, Plaintiff seeks to add Carl C. Danberg, the new Commissioner; James C. Welsh, who has been appointed to oversee the provision of medical care to inmates; and Correctional Medical Services, Inc. ("CMS"), the current provider of health care for the prison system.

Danberg, Welsh and CMS have filed oppositions to the Motion contending that the amendments are futile, because Plaintiff cannot state a claim against them.  In addition, Danberg and Welsh contend that Plaintiff has failed to exhaust his administrative remedies, and CMS contends that the proposed amendments are untimely and Plaintiffs' claims are barred by the statute of limitations.[4]

Although Plaintiff has filed amended complaints in the past, the Court notes that this is the first complaint filed by appointed counsel on behalf of Plaintiff.  With respect to CMS, the Court cannot conclude that Plaintiff's proposed amendments

---

[4]   Plaintiff's Motion was also opposed by Defendants Prison Health Systems and Keith Ivens, M.D.; however, those Defendants have since settled.

are futile. CMS contends that Plaintiff's claims essentially amount to claims for negligence based on a disagreement with the care provided to Plaintiff. However, reviewing Plaintiff's allegations in the light most favorable to him, as the Court must, the Court concludes that Plaintiff has adequately alleged an Eighth Amendment deliberate indifference claim and not a claim for medical malpractice. In addition, the Court notes that Plaintiff has alleged a continuing violation of medical treatment, and therefore, the Court cannot conclude that his claims are time-barred. Amico v. New Castle County, 101 F.R.D. 472, 482 (D. Del. 1984). Further, the Court is not persuaded that Plaintiff's Motion is untimely. Plaintiff sought leave to amend three months before the close of discovery, and Plaintiff's Motion does not violate any deadline in the Scheduling Order.

As for the allegations against Danberg and Welsh, the Court likewise concludes that Plaintiff's allegations are not futile. At this juncture, the Court concludes that Plaintiff has adequately pled an Eighth Amendment claim against these individuals. Further, the Third Circuit has rejected the argument that Plaintiff has failed to exhaust his administrative remedies. Jackson v. Ivens, 244 Fed. App'x 508, 513 (3d Cir. 2007). Accordingly, the Court will grant Plaintiffs' Motion For Leave To Amend, and the proposed Eighth Amended Complaint will be deemed filed.

6

## II. Defendants' Motion For Summary Judgment

### A. Legal Standard

In pertinent part, Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether there is a triable dispute of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. Valhal Corp. v. Sullivan Assocs., Inc., 44 F.3d 195, 200 (3d Cir. 1995).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts. . . . In the language of the Rule, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)(internal citations omitted). However, the mere existence of some evidence in support of the non-movant will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the non-movant on that issue. Anderson v.

7

Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Thus, if the evidence is "merely colorable, or is not significantly probative," summary judgment may be granted. Id.

    B.    Whether Defendants Are Entitled To Summary Judgment

By their Motion, Defendants contend that they are entitled to summary judgment because Plaintiff cannot establish an Eighth Amendment violation based on lack of medical care and treatment. Specifically, Defendants contend that Plaintiff cannot establish that Defendants Taylor and Kearney were personally involved in his medical care and treatment such that they should be held liable for an Eighth Amendment violation. Defendants also contend that Plaintiff has failed to establish that they acted with deliberate indifference to Plaintiff's alleges serious medical need. In addition to these substantive arguments, Defendants also contend that summary judgment is appropriate because Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act, his claims against Defendant Kearney and the DOC are barred by the statute of limitations, Defendants are entitled to qualified immunity and immunity under the Eleventh Amendment, and Plaintiff's claims are barred by Sovereign Immunity.

    1.    Eleventh Amendment Immunity

As Plaintiff concedes, the State of Delaware and the DOC are immune from liability under the Eleventh Amendment and have not

8

waived their immunity.[5]  Pennhurst State Sch. & Hosp. v.
Halderman, 465 U.S. 89 (1984); Edelman v. Jordan, 415 U.S. 651
(1974); MCI Telecom. Corp. v. Bell Atl. of Pa., 271 F.3d 491, 503
(3d Cir. 2001).  To the extent Plaintiff brings this action
against Defendants Taylor, Kearney and Danberg (the "Individual
Defendants") in their official capacities for monetary damages,
they are also immune from suit.  Idaho v. Coeur d'Alene Tribe of
Idaho, 521 U.S. 261, 268 (1997); Ali v. Howard, 353 F. App'x 667,
672 (3d Cir. 2009) (not published).  However, the Individual
Defendants may be sued in their official capacities for
injunctive relief, which Plaintiff seeks.  Will v. Michigan Dep't
of State Police, 491 U.S. 58, 71 n.10 (1989) ("Of course a state
official in his or her official capacity, when sued for
injunctive relief, would be a person under § 1983 because
'official-capacity actions for prospective relief are not treated
as actions against the State.'") (citations omitted); Clark v.
Williams, 2009 U.S. Dist. LEXIS 48563, *15 (D. Del. May 31, 2009)
(recognizing that "suits for injunctive relief against state
officials brought to end ongoing violations of federal law are
not barred by the Eleventh Amendment").  Defendants may also be
sued in their individual capacities for monetary damages and
injunctive relief, unless they are entitled to qualified immunity

_____

[5]     Further, a state agency, such as the DOC, "is not a
person" subject to claims under 42 U.S.C. § 1983.  See Will v.
Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

which the Court will discuss infra. Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 185 (3d Cir. 2009); Gattis v. Phelps, 344 Fed. App'x 801, 804 (3d Cir. 2009) (not published). Accordingly, the Court will grant Defendants' Motion For Summary Judgment as it pertains to the State of Delaware, the DOC, and Defendants Taylor, Kearney and Danberg in their official capacities to the extent Plaintiff seeks monetary damages.

        2.    Failure to Exhaust Administrative Remedies

As for Defendants' argument that Plaintiff has failed to properly exhaust his administrative remedies, the Third Circuit has already concluded that Plaintiff has exhausted his remedies. Jackson, 244 Fed. Appx. at 513. Accordingly, the Court will deny Defendants' Motion to the extent it raises the affirmative defense of failure to exhaust Administrative remedies.

        3.    Statute of Limitations

In addition, the Court concludes that Defendants have not established that Plaintiff's claims are barred by the statute of limitations. Defendants did not raise this affirmative defense in response to Plaintiff's complaint, and therefore, the Court concludes that it is waived. Robinson v. Johnson, 313 F.3d 128, 137 (3d Cir. 2002).

In the alternative, however, the Court concludes that Plaintiff's claims are not barred by the statute of limitations. "In most federal causes of action, when a defendant's conduct is part of a continuing practice, an action is timely so long as the

last act evidencing the continuing practice falls within the limitations period. . . ." <u>Brenner v. Local 514, United Bhd. of Carpenters and Joinders of Am.</u>, 927 F.2d 1283, 1295 (3d Cir. 1991). In this case, Plaintiff alleges that Defendants failed to have Plaintiff undergo a scheduled biopsy for eight months after medical personnel found it necessary, and that despite knowledge of his diagnosis of sarcoidosis, Defendants continue, to this date, to fail to provide Plaintiff with evaluation of or treatment for his condition. <u>Amico v. New Castle County</u>, 101 F.R.D. 472, 482 (D. Del. 1984) ("Since plaintiff has alleged that defendants' unconstitutional conduct persists to the present date, there can be no doubt that plaintiff's claim is not time barred . . . ."). Because Plaintiff has alleged a continuing constitutional violation, the Court concludes that Plaintiff's claims are not time-barred. <u>See</u> <u>also</u> <u>Lavellee v. Listi</u>, 611 F.2d 1129, 1132 (5th Cir. 1980) (reversing summary judgment and remanding holding that "failure to provide needed and requested medical attention constitutes a continuing tort, which does not accrue until the date medical attention is provided").

      4.   Eighth Amendment Claims

Having concluded that Defendants cannot establish the aforementioned affirmative defenses, the Court turns to the substantive arguments related to Plaintiff's Eighth Amendment claims. To establish a violation of the Eighth Amendment based on the failure to provide medical care, the Plaintiff must

11

establish that he or she has a serious medical need and that prison officials acted with deliberate indifference to that need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference may be manifested by "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle, 429 U.S. at 104-05. Mere negligence does not violate the Eighth Amendment. Id. at 106. Additionally, "mere disagreement as to the proper medical treatment" is insufficient to establish an Eighth Amendment violation. Monmouth County Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (citations omitted). The Third Circuit has specifically found deliberate indifference when: (1) a prison official knows of the prisoner's need for treatment but intentionally refuses to provide it; (2) the prison official delays necessary medical treatment for non-medical reasons; or (3) the prison official prevents a prisoner from receiving needed or recommended treatment. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citations omitted).

After reviewing the parties' arguments and the record evidence compiled to date in light of the applicable standard of review, the Court concludes that genuine issues of material fact

exist such that summary judgment is inappropriate. Plaintiff has offered evidence establishing that he suffers from sarcoidosis, a serious medical condition. Jackson, 244 Fed. App'x 508, 511 (recognizing Plaintiff's condition as "potentially life threatening"); Lyerly v. Koenigsmann, 2006 WL 1997709 (S.D.N.Y. July 17, 2006) (finding sarcoidosis to be a serious condition under the Eighth Amendment). Plaintiff has also advanced evidence, when construed in the light most favorable to him, demonstrating that Defendants were aware of his condition. For example, although Defendant Kearney could not verify his receipt or review of correspondence related to Plaintiff's medical record, the record demonstrates that Defendant Kearney sent notes to and from his e-mail address concerning Plaintiff's medical records, requested personnel to check for any grievances Plaintiff may have filed, and requested, in his own handwriting, that a copy of Plaintiff's medical records be forwarded to his office. (Kearney Dep. at 13:2-14:4, 14:9-22; B.28-30.) Similarly, Defendant Taylor acknowledged that he knew of Plaintiff's complaints at some point after 2001, (Taylor Dep. 5:21-6:14, B.3), and Defendant Danberg stated that he was made personally aware of Plaintiff's claims within the 2008 calendar year. (Danberg Dep. at 12:19-22, B.17.) Plaintiff has also offered evidence, when construed in the light most favorable to him, demonstrating that specialized treatment or evaluations were recommended for Plaintiff, but Defendants have not provided this

13

care and were either unaware as to whether Plaintiff received the recommended treatment, or did not take any steps to insure that he received treatment. (Danberg Dep. at 13:9-17:4, B.18-19; Taylor Dep. at 29:24-30:24, 32:14-22:8, 36:16-37:13; B.9-11; Kearney Dep. at 26:8-28:2, 28:24-29:18, B.33-34.) Plaintiff has further offered evidence of a variety of systemic deficiencies in the Prison health care system, and Defendants' knowledge of these deficiencies. Construing this evidence in the light most favorable to Plaintiff, the Court concludes that genuine issues of material fact exist regarding whether Defendants acted with deliberate indifference towards a serious medical need. In light of these fact questions, the Court further concludes that Defendants have not, at this juncture, established that they are entitled to qualified immunity. Meyers v. Majkic, 189 Fed. App'x 142, 144 (3d Cir. 2006). Accordingly, the Court will deny Defendants' Motion For Summary Judgment.

## III. Plaintiff's Motion To Extend Discovery

Pursuant to Rule 56(f), the Court may, in its discretion, delay the adjudication of a motion for summary judgment to permit the party opposing summary judgment to take additional discovery. Specifically, Rule 56(f) provides in relevant part that "the court may . . . order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken." Given the Court's conclusion that summary judgment should be denied on the current record, the Court declines to

14

grant Plaintiff relief under Rule 56(f).  In so doing, the Court takes no position on any outstanding discovery disputes that may exist between the parties or that may be the subject of future motion practice.  Accordingly, the Court will deny Plaintiff's Motion To Extend Discovery Pursuant To Rule 56(f).[6]

## CONCLUSION

For the reasons discussed, the Court will grant Plaintiff's Motion For Leave To Amend and deny his Motion To Extend Discovery Pursuant To Rule 56(f).  In addition, the Court will deny Defendants' Motion For Summary Judgment.

An appropriate order will be entered.

---

[6]     The Court notes that it denied Plaintiff's Motion For Leave To Supplement The Summary Judgment Record; however, the Court decided the issue presented by the Motion For Leave To Supplement only in the context of the current summary judgment record.  (D.I. 200).  Further, that decision certainly did not decide the admissibility of any evidence that may be offered at trial.