IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GEORGE A. JACKSON, :
:
    Plaintiff, :
:
v. : Civ. No. 01-559-LPS
:
KEITH IVENS, M.D., ET AL., :
:
    Defendants. :
:

## MEMORANDUM ORDER

At Wilmington this 2nd day of August, 2013:

Pending before the Court are five motions: (1) Motion to Rescind and Vacate Acceptance of Defendants' Settlement Offer of Judgment and Relief from Summary Judgment Order Under Federal Rule 60(b) (Docket Item ("D.I.") 260 and, hereinafter, "Motion to Rescind") filed by plaintiff George A. Jackson ("Jackson"); (2) Motion for Leave to Withdraw As Counsel (D.I. 262 and, hereinafter, "Motion to Withdraw") filed by plaintiff's counsel, Schnader Harrison Segal & Lewis LLP ("Schnader"); (3) Motion for Leave to Appeal In Forma Pauperis (D.I. 266 and, hereinafter, "Motion for Leave") filed by Jackson; (4) Motion to Compel Discovery of Material That Is Subject to Attorney-Client Privilege (D.I. 275 and, hereinafter, "Motion to Compel") filed by Jackson; and (5) Motion for Leave to Supplement the Motion to Rescind (D.I. 279 and, hereinafter, "Motion to Supplement") filed by Jackson.

For the reasons discussed below, the Court will grant Schnader's Motion to Withdraw and Jackson's Motion to Supplement but will deny all of the other motions.

## BACKGROUND

Plaintiff and various defendants had litigated this action in this Court for over a decade, and their disputes generated numerous opinions and orders, both from this Court and the U.S. Court of Appeals for the Third Circuit. As this Court has previously provided an overview of relevant background, and the Court writes primarily for the parties, the Court will only reference additional background as necessary in the context of the current case posture.[1]

Jackson, an inmate at the Sussex Correctional Institution ("SCI") in Georgetown, Delaware originally filed this lawsuit *pro se*[2] pursuant to 42 U.S.C. § 1983, seeking, *inter alia*, damages for the alleged delayed diagnosis of sarcoidosis and access to certain specialist physicians for evaluation and treatment. (D.I. 2) In his Eighth Amended Complaint, Jackson alleged that the CMS Defendants deliberately refused to provide adequate health care to Jackson in violation of his Eighth Amendment rights. (D.I. 201; D.I. 203)

On September 28, 2012, the Court granted the CMS Defendants' motion for summary judgment; the case was dismissed, and the Court entered judgment for the CMS Defendants and against Jackson (the "Judgment"). (D.I. 258; D.I. 259)

On October 31, 2012, Jackson, acting *pro se*, appealed the Judgment (the "Appeal") to the Third Circuit, No. 12-4155. (D.I. 265; D.I. 269) On November 14, 2012, the Third Circuit

---

[1] For further case background and history, *see Jackson v. Ivens*, 244 F. App'x 508 (3d Cir. 2007), the July 27, 2010 Memorandum Opinion of now-retired Judge Joseph J. Farnan, Jr. (D.I. 201), and the September 28, 2012 Memorandum Opinion and Order of the undersigned (D.I. 257; D.I. 258), whereby the Court granted the motion for summary judgment of defendants Correctional Medical Services, Inc. and Correctional Medical Services of Delaware, Inc. (the "CMS Defendants").

[2] On August 16, 2001, when Jackson filed his original complaint, the Court granted him leave to proceed in forma pauperis. (D.I. 1)

stayed Jackson's Appeal pending disposition of the post-decision Motion to Rescind. On November 26, 2012, in his Appeal, Jackson filed a Motion to Proceed In Forma Pauperis, which the Third Circuit granted on December 7, 2012.

## MOTION TO RESCIND

On or about March 11, 2009, Jackson reached a monetary settlement with defendant Prison Health Services, Inc. ("PHS") and Dr. Keith Ivens. (*See* D.I. 260 at 4-5) On or about January 18, 2011, he reached a non-monetary settlement with certain Delaware Department of Correction officials. (*See* D.I. 262 at 1; D.I. 275 at 2) By his Motion to Rescind, Jackson now seeks to vacate or rescind his negotiated settlement with the former State defendants and obtain relief from the Court's subsequent entry of summary judgment for the CMS Defendants. Jackson predicates his Motion to Rescind on: "a) 'fraud by silence' which deprived [Jackson of] the ability to fairly negotiate and make informed decisions as to the Defendants' settlement [contract] offers, which was undermined by [the] fraudulent behavior [of Dr. Lawrence McDonald, the medical director at SCI]; and b) Dr. McDonald['s] [having] engaged in fraud and misrepresentation to the Court that prevented [Jackson] from fully and fairly litigat[ing] his case to the Court." (D.I. 260 at 1; *see also generally* D.I. 271; D.I. 274)

In particular, Jackson complains that his "ability to negotiate or make informed decisions regarding the acceptance of Defendants['] settlement [contract] offers was undermined by Dr. McDonald's pre-settlement [omission] of Jackson's hepatic sarcoidosis." (D.I. 260 at 5; *see also* D.I. 271 at 3 (Jackson's "ability to fairly negotiate or make informed decisions regarding whether to accept Dr. Ivens['], Prison Health Services['], and the Department of Corrections employees['] settlement offers w[as] severe[ly] undermined by Dr. McDonald's 'fraud by silence' by refusing

3

to convey complete and accurate medical information to the plaintiff")) Jackson adds that this "induced [him] into woefully inadequate settlements in terms of what [is] a fair amount, in light of a medical fact the disease had progressed." (D.I. 260 at 5; *see also* D.I. 271 at 3 ("Jackson justifiably relied on Dr. McDonald's fraudulent concealment and suffered woefully low settlements.")) Furthermore, Jackson contends, "CMS's counsel, Whiteford Taylor Preston LLP, committed fraud upon this Court by intentionally misrepresenting to the Court through discover[y] that Jackson's 2006 liver biopsy was performed to learn the extent of his sarcoidosis disease in a calculate[d] attempt to obtain a judgment in Defendant CMS's favor." (D.I. 271 at 2; *see also* D.I. 234 Ex. B at D000008 (7/31/2006 Surgical Pathology Report); D.I. 280 (additional medical records))

The Court agrees with the State Defendants that there is no "factual support or evidence whatsoever, that he was fraudulently induced to accept the State's settlement proposal." (D.I. 270 at 1) The Court further agrees with PHS and Dr. Ivens that "it would not be in the interests of justice to mandate my client to re-open a file that has been closed for almost 4 years simply because the plaintiff is unhappy with the final outcome and with his lawyers." (D.I. 272 at 1) Additionally, as argued by the CMS Defendants, Jackson "has provided this Court no legitimate basis upon which the Court could find there is reason to vacate its Order of summary judgment in favor of the responding Defendants, nor the Orders dismissing the Defendants who previously entered into settlement agreements with Plaintiff." (D.I. 273 at 4) In short, Jackson "has not and cannot substantiate" his allegation of fraud, rendering the relief he seeks (pursuant to Rule 60(b))

4

unwarranted. (*Id.*)[3]

In sum, Jackson's Motion to Rescind is unsupported. It will be denied.

## MOTION TO WITHDRAW

According to Schnader, on October 17, 2012, Jackson informed Schnader by telephone that he did not wish Schnader to continue representing him. (*See* D.I. 262 at 2) Then, on October 18, 2012, Jackson, proceeding *pro se* and without any prior notice to Schnader, filed his Motion to Rescind. (*See id.*) Given Jackson's desire to continue his case without Schnader's involvement, Schnader asks that the Court permit it to withdraw as Jackson's counsel. (*See id.*) Jackson has requested that the Court grant Schnader's Motion to Withdraw. (*See* D.I. 268) The Court will grant Schnader's unopposed Motion to Withdraw.

## MOTION FOR LEAVE

On October 31, 2012, Jackson filed an Application to Proceed in District Court Without Prepaying Fees or Costs. (D.I. 266; *see also* D.I. 267) Jackson had already been granted leave to proceed *in forma pauperis* on August 16, 2001, when he filed his original complaint. (D.I. 1) That Order has never been rescinded. Moreover, much more recently, on December 7, 2012, the Third Circuit granted Jackson's motion to proceed *in forma pauperis* in connection with his Appeal. As Jackson is already proceeding *in forma pauperis* and may continue to do so, the

---

[3]"Under Rule 60(b), a party may be relieved from a final judgment or order where an adverse party committed fraud, misrepresentation, or other misconduct that prevented the litigant from fully and fairly presenting his case." *Santiago v. Nash*, 268 F. App'x 177, 178 (3d Cir. Mar. 10, 2008) (citing Rule 60(b)(3)). In this context, to demonstrate fraud one must show, by clear and convincing evidence, "(1) a false representation, (2) in reference to [a] material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action is taken in reliance upon the representation." *Alvarez v. Ins. Co. of N. Am.*, 313 F. App'x 465, 467 (3d Cir. Mar. 11, 2008) (internal quotation marks omitted).

5

Court will deny his Motion for Leave as moot.

## MOTION TO COMPEL

By his Motion to Compel, Jackson seeks, "pursuant to the crime fraud exception to the attorney-client privilege to Federal Rule of Civil Procedure," an "order compelling Defendant CMS to produce:"

> Any and all documents memorializing, referring or relating to any communications, evaluations, determinations or opinions between [CMS], Dr. Lawrence McDonald, Daniel A. Griffith, Robert K. Beste and Stuart B. Drowos relating to plaintiff's blood test results, diagnostic tests results, treatment notes, prescription records, and any correspondence deem attorney-client privileged between the parties concerning plaintiff's condition and treatment, form July 1, 2000, to the present.

(D.I. 275 at 1; *see also* D.I. 276) Jackson seeks such discovery as relevant to his Motion to Rescind pursuant to Rule 60(b). (D.I. 277 at 2) Given that the Court is denying Jackson's Motion to Rescind, there is no basis to grant his requested discovery. Thus, the Court will deny Jackson's Motion to Compel.

## MOTION TO SUPPLEMENT

On August 1, 2013, Jackson filed a motion for leave to supplement his Motion to Rescind by adding to the record additional medical documents he recently obtained from Schnader. (D.I. 279) In Jackson's view, these additional materials further support his contention that CMS's counsel made intentional misrepresentations to the Court about the circumstances surrounding his 2006 liver biopsy. (*Id.* at 2) The Court has considered the materials submitted by Jackson and finds it appropriate to supplement the record. Hence, the Court will grant Jackson's Motion to Supplement.

6

## **CONCLUSION**

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

1. Jackson's Motion to Rescind and Vacate Acceptance of Defendants' Settlement Offer of Judgment and Relief from Summary Judgment Order Under Federal Rule 60(b) (D.I. 260) is **DENIED**.

2. Schnader's Motion for Leave to Withdraw As Counsel (D.I. 262) is **GRANTED**.

3. Jackson's Motion for Leave to Appeal In Forma Pauperis (D.I. 266) is **DENIED AS MOOT**.

4. Jackson's Motion to Compel Discovery of Material That Is Subject to Attorney-Client Privilege (D.I. 275) is **DENIED**.

5. Jackson's Motion for Leave to Supplement Plaintiff's Motion to Rescind and Vacate Acceptance of Defendants' Settlement Offer of Judgment and Relief from Summary Judgment Order Under Rule 60(b) (D.I. 279) is **GRANTED**.

Wilmington, Delaware
August 2, 2013

UNITED STATES DISTRICT JUDGE