# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

GEORGE A. JACKSON,          :
                                :

       Plaintiff,          :
                                :

      v.                :     Civ. No. 01-559-LPS
                                :

KEITH IVENS, M.D., et al.,     :
                                :

       Defendants.      :

---

George A. Jackson, Sussex Correctional Institution, Georgetown, Delaware.

    Pro Se Plaintiff.

Stuart B. Drowos, Deputy Attorney General, Department of Justice, State of Delaware, Wilmington, Delaware.

    Counsel for Defendants State of Delaware, Delaware Department of Correction, Stanley Taylor, Richard Kearney, Carl C. Danberg, and James C. Welch.

Daniel A. Griffith, Whiteford, Taylor & Preston L.L.C., Wilmington, Delaware.

    Counsel for Defendants Correctional Medical Services, Inc. and Correctional Medical Services of Delaware, Inc.

Karine Sarkisian, White and Williams, Wilmington, Delaware.

    Counsel for Defendants Keith Ivens, M.D. and Prison Health Services, Inc.

## MEMORANDUM OPINION

September 23, 2019
Wilmington, Delaware


STARK, U.S. District Judge.

# I. INTRODUCTION

Plaintiff, an inmate at the Sussex Correctional Institution ("SCI") in Georgetown, Delaware, originally filed this lawsuit *pro se* pursuant to 42 U.S.C. § 1983, seeking, among other things, damages for the alleged delayed diagnosis of sarcoidosis and access to certain specialist physicians for evaluation and treatment.[1]  (D.I. 281 at 2)   Now before the Court is Plaintiff's second motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), filed on November 26, 2018, his request for counsel, motion for evidentiary hearing, and amended motion for evidentiary hearing.  (D.I. 297, 299, 306, 318)   For the reasons discussed below, the Court will deny the second Rule 60(b) motion and deny as moot the remaining motions.

# II. BACKGROUND

As discussed by the Court in its August 2, 2013 Memorandum Order, "Plaintiff and various defendants ha[ve] litigated this action in this Court for over a decade, and their disputes generated numerous opinions and orders, both from this Court and the U.S. Court of Appeals for the Third Circuit."  (D.I. 281 at 2) (citing *Jackson v. Ivens*, 244 F. App'x 508 (3d Cir. Aug. 8, 2007), and D.I. 201, 257, 258)   In his Eighth Amended Complaint, Plaintiff alleged that the Correctional Medical Services ("CMS") Defendants deliberately refused to provide adequate health care in violation of the Eighth Amendment.  (D.I. 201, 203)   On September 28, 2012, the Court granted CMS Defendants' motion for summary judgment; the case was dismissed, and the Court entered judgment for the CMS Defendants and against Plaintiff.  (D.I. 247, 258, 259)

---

[1] During the pendency of this action, Plaintiff requested counsel.  He was represented by counsel through entry of judgment on September 28, 2012.   Plaintiff's counsel filed a motion to withdraw on October 19, 2012, which was granted and, since then, Plaintiff has proceeded *pro se*.

Plaintiff had previously settled claims with Defendants Dr. Keith Ivens ("Dr. Ivens"), Prison Health Service Inc. ("PHS"), and State Defendants Stanley Taylor ("Taylor"), Richard Kearney ("Kearney"), Carl C. Danberg ("Danberg"), and James C. Welch ("Welch") (collectively "State Defendants"). (*See* D.I. 169, 244, 260 at 4-5, 262 at 1) Plaintiff filed a motion to rescind and vacate acceptance of Defendants' Offer of Judgment and relief from summary judgment under Fed. R. Civ. P. 60(b). (D.I. 260) Prior to the Court ruling on the motion, Plaintiff filed a notice of appeal. (D.I. 265) On August 2, 2013, the Court denied the Rule 60(b) motion. (D.I. 281) On April 24, 2014, the United States Court of Appeals for the Third Circuit affirmed this Court's orders granting summary judgment and denying the Rule 60(b) motion. (D.I. 292) On November 26, 2018, Plaintiff filed a second Rule 60(b) motion and a request for counsel. (D.I. 297, 299) Plaintiff has also filed a motion for evidentiary hearing and an amended motion for evidentiary hearing. (D.I. 306, 318)

On August 30, 2019, Plaintiff filed a supplemental declaration in support of his motion, opposed by the State Defendants. (D.I. 322, 323) Although untimely, the Court considers the declaration, but notes that it refers to results of medical testing conducted in June and July of this year and, therefore, is not supportive of Plaintiff's motions.

## III.  LEGAL STANDARDS

Federal Rule of Civil Procedure 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A motion filed under Rule 60(b) must be made within a reasonable time and, for motions under Rule 60(b)(1), (2), and (3), must be filed no more than one year after entry of the judgment or order or the date of the proceeding. *See* Fed. R. Civ. P. 60(c)(1). Rule 60 does not limit a court's power to: "(1) entertain an independent action to relieve a party from a judgment, order, or proceeding . . . or (3) set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d).

## IV. DISCUSSION

The motion seeks relief under Rule 60(b)(2), (b)(3), and (b)(6) as well as Rule 60(d)(1) and (d)(3). (D.I. 297 at 1, 2, 15, 18, 21, 23) While the motion contains no argument with regard to Rule 60(d)(1), Plaintiff's supporting memorandum and reply rely upon Rule 60(d)(1) to attack the judgments. (*See* D.I. 300, 321) Plaintiff contends that the order and final judgment entered by the Court should be vacated to prevent a grave miscarriage of justice. (D.I. 297 at 15)

Plaintiff seeks relief based upon what he contends is newly discovered evidence (i.e., medical records) not disclosed during discovery; specifically, medical records for a right submandibular lymph node biopsy as opposed to a right superior cervical lymph node biopsy. Plaintiff describes the evidence as CMS progress notes from April 10, 2001 through April 25, 2001 and Dr. Keith Ivens' August 16, 2000 operative notes. (*Id.* at 2) Plaintiff references this evidence as Exs. A and B. However, both these exhibits consist of nothing but blank pages. Plaintiff contends that State Defendants' counsel fraudulently concealed certain requested medical documents. He contends that had the documents been disclosed: (1) it would have resulted in a substantially higher monetary settlement with PHS and Dr. Ivens; (2) State Defendants' settlement would have resulted in an

3

evaluation by a neurologist and not a rheumatologist; and (3) Plaintiff would have otherwise won a valid cause of action against CMS. (*Id.* at 6) Plaintiff states that he accepted both settlements upon advice of his counsel.

Plaintiff advises that on September 16, 2015, he was permitted to inspect and review his SCI medical file and it was then that he discovered he had not been provided CMS April 2001 progress notes or Dr. Ivens' August 2000 operative note. (*Id.* at 11-12) Plaintiff states that counsel for State Defendants was provided the CMS progress notes in August 2006, two years before State Defendants responded to discovery requests in November 2008, and that DOC Defendants did not produce the documents. (*Id.* at 12) The medical records relate to a procedure performed by Dr. Ivens involving the right superior cervical lymph node. Plaintiff goes on to discuss medical treatment provided him in 2016, 2017, and 2018. (*Id.* at 13-14) Plaintiff posits that "it is clear from the facts, [he] did suffer an acute ischemic stroke to his brain stem when he inadvertently slept on the enlarge[d] right superior cervical lymph node causing residual effects – disturbing neurologic manifestation." (*Id.* at 14)

Plaintiff asks the Court to vacate the orders and final judgments entered in this case to prevent a grave miscarriage of justice. He argues that in "Defendants' discovery response, [the Delaware Department of Justice] made an implied representation that all pertinent medical records were produced" to the Court and Plaintiff, but the "representation was false." (*Id.* at 15)

## A.    Rule 60(b)(2) and (3)

Plaintiff raises claims under Rule 60(b)(2) and (3). With regard to claims under either section, the motion is untimely.[2] Plaintiff was required to file his Rule 60(b)(2) and (3) motion

---

[2] Plaintiff concedes that his Rule 60(b) motion is untimely as set forth in Rule 60(c)(1). (D.I. 321 at 2) However, he argues that his Rule 60(b) motion clearly meets the requirements to sustain an independent action for relief from judgment under Rule 60(d)(1). Rule 60(d)(1) is discussed in

within one year from September 28, 2012, the date judgment entered. (D.I. 259) Plaintiff did not file the pending motion until November 1, 2018, over six years later.[3] Even were the Court to calculate the one-year time-frame from September 16, 2015, when Plaintiff allegedly discovered the missing documents, he did not file the instant motion until November 1, 2018, some three years later. Accordingly, the Court will dismiss the claims raised under Rule 60(b)(2) and (3) as untimely.

**B.     Rule 60(b)(6)**

As discussed above, Plaintiff discovered the allegedly withheld discovery on September 16, 2015 but did not file his motion until November 1, 2018. A Rule 60(b)(6) must be filed within a reasonable time. *See* Fed. R. Civ. P. 60(c)(1). While the Third Circuit has not defined what constitutes a reasonable time for filing, courts have found that a two-year delay in filing a Rule 60(b)(6) or Rule 60(d)(3) motion does not satisfy a "reasonable time" requirement. *See Moolenaar v. Government of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987) (two-year delay was not reasonable time to bring Rule 60(b)(6) motion); *Wyatt v. Diguglielmo*, 2008 WL 2790206, at *4 (E.D. Pa. July 18, 2008) (dismissing Rule 60(b)(6) motion as untimely when filed "almost two years after he obtained the allegedly newly discovered evidence").

Here, Plaintiff provides no reason for his delay in seeking Rule 60 relief. *See Azbuko v. Bunker Hill Cmty. Coll.*, 442 F. App'x 643, 644 (3d Cir. Aug. 19, 2011) (per curiam) ("[B]ecause [plaintiff] has provided no explanation for his delay in filing, we agree with the District Court that he has not filed his motion within a reasonable time of the order that he seeks to challenge."). Therefore, the Court will deny the motion as it was not filed within a reasonable time.

---

Section IV.C.

[3] The Court calculates the filing date using the "mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002). The motion was signed on November 1, 2018 and, therefore, that is the earliest

### C.  Rule 60(d)

#### 1.  Rule 60(d)(1)

Plaintiff's motion for relief references Rule 60(d)(1) when asking the Court to take notice of his motion.  (D.I. 297 at 2)   In his supporting memorandum and reply he states that his Rule 60(b) motion sets forth sufficient grounds to initiate an independent action attacking the judgments under Rule 60(d)(1).   (D.I. 300, 321)   Rule 60(d)(1) permits a court to "entertain an independent action to relieve a party from a judgment, order, or proceeding."   Although several courts of appeal have acknowledged that an independent action under Rule 60(d)(1) may be an appropriate vehicle for reviewing a time-barred Rule 60(b) motion, Rule 60(d) is available "only to prevent a grave miscarriage of justice."   *United States v. Beggerly*, 524 U.S. 38, 47 (1998); *see, e.g.*, *Mitchell v. Rees*, 651 F.3d 593, 597 (6th Cir. 2011) (independent action under Rule 60(d)(1) may be appropriate vehicle for reviewing time-barred Rule 60(b) motion).

An independent action under Rule 60(d)(1) based on newly discovered evidence must at least meet the requirements for a motion under Rule 60(b)(2).   *See Crowley v. Cooperstein*, 1996 WL 524101, at *1 (E.D. Pa. Sept. 11, 1996); 12 Moore's Fed. Prac. Civ. § 60.81(4) (2014) (noting that some courts require even more justification for independent action than is required for Rule 60(b)(2) motion).   In determining whether Plaintiff can meet his burden to sustain a Rule 60(d)(1) independent action, the Court must consider his allegations against the standards for a motion under Rule 60(b)(2).   This analysis also serves as a determination of whether Plaintiff could prevail under Rule 60(b) even were it not time-barred.

---

date possible that it could have been delivered to prison officials in Delaware for mailing.

Under Rule 60(b)(2), "newly discovered evidence" refers to "evidence of facts in existence at the time of trial of which the aggrieved party was excusably ignorant." *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991). "The evidence must have been discovered after trial, and the failure to learn must not have been caused by a lack of diligence. The evidence must be material to the issues involved, yet not merely cumulative or impeaching and must be of such a nature that it would probably change the outcome." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983). "The movant under Rule 60(b) 'bears a heavy burden,' . . . which requires 'more than a showing of the potential significance of the new evidence.'" *Bohus*, 950 F.2d at 930 (citation omitted).

Upon review of the record and applicable case law, the Court concludes that Plaintiff is not entitled to relief under Rule 60(d)(1). His allegations of fraud do not provide adequate grounds for an independent action under Rule 60(d)(1). *See Gleason v. Jandrucko*, 860 F.2d 556, 560 (2d Cir. 2008) ("[A]llegations of nondisclosure during pretrial discovery do not constitute grounds for an independent action . . . ."); *see also Great Coastal Express, Inc. v. International Bhd. of Teamsters*, 675 F.2d 1349, 1358 (4th Cir. 1982) (emphasizing that "perjury and false testimony are not grounds for relief in an independent action in the Fourth Circuit for many of the same reasons that apply to fraud on the court"). Moreover, Plaintiff has failed to show that the alleged fraud prevented him from prevailing in the instant action, or that he had no adequate remedy at law. *See In re Hoti Enters.*, 549 F. App'x 43, 44 (2d Cir. Jan. 7, 2014) ("[F]ailure to raise a fraud claim within one year under Rule 60(b)(3) precludes a litigant from alleging that the same fraud entitles it to equitable relief [under Rule 60(d)(1)] absent extraordinary circumstances.").

State Defendants cite to portions of the record indicating that medical records and the pathology reports relative to the lymph node biopsy were provided to Plaintiff. (*See e.g.*, D.I. 60; D.I. 234-6 at 49-50; D.I. 234-7 at 1-2) Moreover, while Plaintiff refers to Exhibits A and B to

support his position, the exhibits are blank pages and contain no information.  (*See* D.I. 297 at Exs.

A, B)   Plaintiff fails to show that the "new" evidence "would probably change the outcome" of his

case.

Accordingly, the Court finds that Plaintiff has failed to meet the "heavy burden" required to

prevail on a motion under Rule 60(b)(2).   *See Bohus*, 950 F.2d at 930.   Hence, he also fails to meet

the more stringent "grave miscarriage of justice" standard applicable to independent actions.   *See*

*Beggerly*, 524 U.S. at 47.   Thus, Plaintiff's request under Rule 60(d)(1) fails.

## 2.      Rule 60(d)(3)

Plaintiff asks the Court to set aside the judgment for fraud on the court under Rule 60(d)(3).

Rule 60(d)(3) "does not limit a court's power to . . . set aside a judgment for fraud on the court."   It

is well-established that a court has the inherent power to grant relief from a judgment which has

been secured by a "fraud on the court."   *See also Universal Oil Products Co. v. Root Refining Co.*, 328 U.S.

575 (1946).   The concept of "[f]raud upon the court should . . . embrace only that species of fraud

which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by

officers of the court so that the judicial machinery cannot perform in the usual manner its impartial

task of adjudging cases that are presented for adjudication, and relief should be denied in the

absence of such conduct."   *Demjanjuk v. Petrovsky*, 10 F.3d 338, 352 (6th Cir. 1992) (internal

quotation omitted); *Workman v. Bell*, 227 F.3d 331, 336 (6th Cir. 2000); *Oxxford Clothes XX, Inc. v.

Expeditors Int'l of Wash., Inc.*, 127 F.3d 574, 578 (7th Cir. 1997); *Serzysko v. Chase Manhattan Bank*, 461

F.2d 699, 702 (2d Cir. 1972).   Claims of fraud upon the court are not governed by the one year

limitation period, but instead must be commenced within a "reasonable time of the discovery of the

fraud."   *Apotex Corp. v. Merck & Co., Inc.*, 507 F.3d 1357, 1361 (Fed. Cir. 2007).

The party seeking relief under Rule 60(d)(3) must establish fraud "by clear and convincing evidence." *Hatchigian v. Int'l Bhd. of Elec. Workers Local 98 Health & Welfare Fund*, 610 F. App'x 142, 143 (3d Cir. July 21, 2015) (citing *Booker v. Dugger*, 825 F.2d 281, 283 (11th Cir. 1987)). While the Third Circuit has not directly addressed the requisite level of fraud needed under Rule 60(d)(3), other circuits have consistently held that only the "most egregious misconduct" satisfies the rule. *See Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) ("Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court."); *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985) ("Fraud on the court . . . is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury.").

Plaintiff has not alleged egregious misconduct necessary to succeed under Rule 60(d)(3). There are no allegations of fraud perpetrated by officers of the court that did not allow the "judicial machinery" to function. Rather, Plaintiff complains that he was not provided with all discovery by the parties. However, this does not constitute fraud on the court under Rule 60(d)(3). Moreover, as discussed above, Plaintiff was provided medical records pertinent to the lymph node biopsy. The claim of fraud under Rule 60(d)(3) is specious. Even were it not, Plaintiff failed to commence his claim within a reasonable time from when he discovered the alleged fraud (that discovery occurring at the latest in September 2015).

Accordingly, the Court will deny Plaintiff's motion for Rule 60(d)(3) relief.

## V.   CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's motion for relief from judgment (D.I. 297); (2) deny as moot Plaintiff's request for counsel (D.I. 299); and (3) deny as moot Plaintiff's motion for evidentiary hearing and amended motion for evidentiary hearing (D.I. 306, 318).

An appropriate Order will be entered.