IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GEORGE A. JACKSON, :
:
Plaintiff, :
:
v. : Civ. No. 01-559-LPS
:
KEITH IVENS, M.D., et al., :
:
Defendants. :

MEMORANDUM

1. **Introduction.** Plaintiff, an inmate at Sussex Correctional Institution in Georgetown, Delaware, originally filed this lawsuit *pro se* pursuant to 42 U.S.C. § 1983, seeking, inter alia, damages for the alleged delayed diagnosis of sarcoidosis and access to certain specialist physicians for evaluation and treatment.1 (D.I. 281 at 2) Now before the Court is Plaintiff's motion for reconsideration of the order that denied his second motion for relief from judgment pursuant to Fed. R. Civ. P. 60. (*See* D.I. 324, 325, 326) Defendants oppose the motion.

2. **Motion for Reconsideration.** The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

3. **Discussion.** The September 23, 2019 Memorandum Opinion and Order denied

---

1 During the pendency of this action, Plaintiff requested counsel. He was represented by counsel through entry of judgment on September 28, 2012. Plaintiff's counsel filed a motion to withdraw on October 19, 2012, which was granted and, since then, Plaintiff has proceeded *pro se*.

Plaintiff's second motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(2), (b)(3), and (b)(6), as well as Rule 60(d)(1) and (d)(3). The motion was untimely under Rule 60(b)(2) and (3), and the Court concluded that under Rule 60(b)(6), the motion was not filed in a reasonable time, having been filed almost three years after alleged withheld discovery that Plaintiff contended would have led to a more favorable resolution of the case. The Court also concluded that under Rule 60(d)(1), Plaintiff's allegations of fraud did not provide adequate grounds for an independent action, Plaintiff failed to show that the alleged fraud prevented him from prevailing or that he had no adequate remedy at law, and Plaintiff failed to show that new evidence would probably change the outcome of his case. Finally, the Court concluded that relief under Rule 60(d)(3) for fraud on the Court was not warranted as there were no allegations of egregious misconduct and, as previously mentioned, Plaintiff did not seek relief within a reasonable time. (*See* D.I. 324)

4.  In Plaintiff's motion for reconsideration he states that when defense counsel asked for medical records in his possession he believed the request was for medical records outside of his second Rule 60 motion and defense counsel did not mention to him, or the Court, that Plaintiff's Exhibits A and B had been omitted from the motion. (D.I. 326 at 1-2) Plaintiff argues that the omitted Exhibits A and B are the core of his Rule 60 motion and support his motion for an evidentiary hearing to determine whether egregious governmental misconduct led to the deliberate and fraudulent nondisclosure of CMS' 4/25/01 progress notes and Dr. Ivens' 8/16/00 operative notes. (*Id.* at 2) Plaintiff argues that reconsideration is appropriate based upon his inadvertent omission of Exhibits A and B. (*Id.*)

5.  The Court has reviewed the matter, the parties' positions, and the pertinent exhibits. Plaintiff's motion fails on the merits because he has not set forth any intervening changes in the controlling law, new evidence, or clear errors of law or fact made by the Court in its order denying Plaintiff's second Rule 60 motion. *See Max's Seafood Café*, 176 F.3d at 677. Notably, the record

reflects that Exhibits A and B, which Plaintiff contends support his motion for reconsideration, are not new evidence; and, even if they were, nothing supports a conclusion that use of either exhibit would have resulted in a different outcome in the litigation in light of other medical records that provided the same or similar information. (*Compare* D.I. 327 at 3 (Dr. Roberta Burns April 2001 note) *with* D.I. 208 at 44-45 (Dr. Burns April 11, 2001 evaluation); D.I. 173 at 22 (August 2000 pathology report) *with* D.I. 173 at 20 (Dr. Ivens' August 16, 2000 operative note))2 Accordingly, the motion for reconsideration will be denied. (D.I. 326)

6. **Conclusion.** The Court will deny Plaintiff's motion for reconsideration. (D.I. 326) An appropriate order will be entered.

March 30, 2020
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

---

2 When Plaintiff was represented by counsel, his attorney relied upon the August 2000 pathology report, Dr. Ivens' August 16, 2000 operative note, and Dr. Burns' April 11, 2001 evaluation to support Plaintiff's positions in various filings before the Court. (*See* D.I. 173 at 20, 22; D.I. 208 at 44-45)